**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Eddie Thomas,<br>Plaintiff(s),<br>vs.<br>Aaron Harroun,<br>Defendant(s). | 2:24-cv-00345-APG-MDC<br>**ORDER RE: MOTIONS AT ECF NOS. 45, 47, 49, AND 50.** |

Plaintiff filed a *Motion for Court Order to Produce Audio Recording* ("Motion Regarding the Audio Recording")(ECF No. 45); a *Motion for Appointment of Counsel* (ECF No. 47) along with a separately filed *Affidavit for Appointed Counsel* ("Affidavit")(ECF No. 50); and a *Notice of Proposed Subpoena* ("Notice")(ECF No. 49).

The Court **DENIES** the Motion Regarding the Audio Recording (ECF No. 45) as **MOOT**. After reviewing the Affidavit (ECF No. 50), the Court **DENIES** the Motion for Appointment of Counsel (ECF No. 50). The Court also reviewed the Notice and **ORDERS** that the defendants **MUST** file a response to the Notice that informs the Court as to whether they have complied with the Court's prior Order (ECF No. 46).

## I. MOTION REGARDING THE AUDIO RECORDING (ECF NO. 45) AND THE NOTICE (ECF NO. 49)

The Court previously held a discovery hearing ("6/22/2026 Hearing") that addressed the issues plaintiff raises in his Motion Regarding the Audio Recording and the Notice. *ECF No. 46*. Plaintiff filed the Motion Regarding the Audio Recording a few days prior to the Court's hearing, but the Court

resolved the issue regarding the same audio recording at the hearing. *ECF No. 45*. The Court held at the hearing that it could not compel the defendants to produce the audio recording because the audio recording does not exist. The Court thus denies the Motion Regarding the Audio Recording as moot.

At the 6/22/2026 Hearing, the Court also ordered that plaintiff could take the deposition of Daniel Collier. The defendants did not file a response and have not otherwise opposed plaintiff's efforts to depose Mr. Collier. The plaintiff then filed the instant Notice (ECF No. 49) to take the deposition of Daniel Collier. Given that the Court already ordered the parties to schedule the deposition, the defendants **MUST** file a response to the plaintiff's Notice which informs the Court regarding whether the deposition has already taken place. If the deposition has not yet taken place, the defendants must meet and confer with the plaintiff to schedule the deposition, and inform the Court in its response regarding whether it is in compliance with this Court's Order.

## II. MOTION FOR APPOINTMENT OF COUNSEL (ECF NO. 47) AND THE AFFIDAVIT (ECF NO. 50)

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

Plaintiff argues that he is incarcerated which is limiting his ability to investigate his case. *ECF No. 47*. He also argues that he needs counsel who has access to a private investigator to help with his

case. *Id*. Plaintiff also argues in his Affidavit that he needs counsel to help him get an expert witness. *ECF No. 50*. The Court does not find the plaintiff has shown the required exceptional circumstances. This case is close to the end and apart from the Collier deposition, discovery is closed in this case. *ECF Nos. 15 and 39*. The expert witness deadline has also already passed. *Id*. The fact that plaintiff is hindered by being incarcerated is also not exceptional as this Court is faced with similar cases almost daily. Given that this case is close to the dispositive motion deadline, the court cannot determine whether plaintiff is likely to succeed on the merits. Based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. The Court denies the Motion.

**IT IS ORDERED** that:

**1.** Plaintiff's *Motion for Court Order to Produce Audio Recording* (ECF No. 45) is **DENIED AS MOOT.**

2. Plaintiff's *Motion for Appointment of Counsel* (ECF No. 47) is **DENIED.**

3. Defendants have until **October 6, 2026** to file a response to the plaintiff's *Notice of Proposed Subpoena* (ECF No. 49) as discussed in this Order.

DATED: September 30, 2026

Maximiliano D. Couvillier III
United States Magistrate Judge

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified

time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**